**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TEDDY C. DODSON,

    Plaintiff,

vs.                                                    Case No. 3:12-cv-1164-J-12JRK

UNITED STATES OF AMERICA,

    Defendant.

_____

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 21; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on December 9, 2013. In the Report, Magistrate Judge Klindt recommends that Plaintiff's Motion for Reasonable Administrative and Litigation Costs and Fees (Dkt. No. 14; Motion) be granted in part and denied in part. See Report at 24. Specifically, the Magistrate Judge recommends that Plaintiff be awarded attorneys' fees and costs for work related to litigation in this Court, including work related to the Motion, and that the Court decline to award fees and costs for work related to administrative proceedings before the Internal Revenue Service (IRS) and other pre-litigation matters. See id. Defendant filed United States of America's Objections to Report and Recommendation (Dkt. No. 22; Objections), and Plaintiff filed a response

thereto, including his own objection[1] to the Report (Dkt. No. 23; Response/Objection). The matter is now ripe for review. For the reasons set forth below, the Court will overrule the parties' objections and adopt the legal and factual conclusions contained in the Report.

## I. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

The Court has conducted an independent review of the entire file, which includes Plaintiff's Complaint and Demand for Jury Trial (Dkt. No. 1; Complaint), Answer by United States (Dkt. No. 8; Answer), Amended Answer by United States (Dkt. No. 9; Amended Answer), the parties' Stipulation for Entry of Judgment (Dkt. No. 11; Stipulation), the Judgment in a Civil Case (Dkt. No. 13), Plaintiff's Motion,

---

[1] Plaintiff acknowledges that he did not file his objection within the fourteen (14) day objection period. Response/Objection at 6 n. 3. He states that this was because "the amount [of fees and costs at issue] was not material and Plaintiff was satisfied with the R&R." Id. Nevertheless, Plaintiff explains that he raises the issue in his filing because a response was required to Defendant's position. Id. Although Plaintiff's objection is untimely, Defendant has not objected to it, and the Court considers it.

Defendant's response thereto (Dkt. No. 15), the Report, Defendant's Objections and Plaintiff's Response/Objection.  The Court addresses each parties' objections to the Report in turn.

**II.     Defendant's Objections**

Defendant asserts that the Magistrate Judge erroneously concludes in his Report that its litigation position was not substantially justified, and that Plaintiff therefore is entitled to recover fees and costs associated with litigation in this Court, including work related to the Motion.  Objections at 1.  Specifically, Defendant contends that the Magistrate Judge improperly considered Defendant's conduct and position during IRS administrative and pre-litigation proceedings in reaching his conclusion.  See id.

For the reasons stated in the Magistrate Judge's Report, the Court finds that Plaintiff is entitled to recover attorneys' fees and costs as a prevailing party for work related to litigation in this Court, including work related to the Motion, because Defendant has not established that its litigation position was substantially justified, even though it conceded liability early in the case.  The Court agrees with the Magistrate Judge that in making such a determination, the Court properly considers Defendant's position during administrative and pre-litigation proceedings as a backdrop to the instant litigation to the extent that it informed Defendant's litigation position, sheds light on whether Defendant's litigation position was adopted after diligent investigation such that it had a reasonable basis in fact and law, assists the Court in

determining the extent to which the litigation issues involved were routine and clear-cut, and helps the Court evaluate whether, under the circumstances at the time of filing, Plaintiff should never have been required to file suit in the first place.[2]

The Court will not repeat the Magistrate Judge's exhaustive description of the proceedings leading to litigation in this Court, but suffice it to say that the Court concurs with the Magistrate Judge that "[i]f there were ever a case for awarding costs for court proceedings even when the government almost immediately conceded the case, this is it."  Report at 21.  The Court finds particularly significant the fact that

---

[2]     See Nicholson v. Comm'r, 60 F.3d 1020, 1029 (3rd Cir .1995)(The government does not have a reasonable basis in fact or law if it does not diligently investigate the case.); Hanson v. Comm'r, 975 F.2d 1150, 1152 n.2 (5th Cir. 1992)("[T]he government's concession of a case is one factor to be considered when the trial court decides whether the government's overall [litigation] position was substantially justified.  The determination of the significance of the government's concession at a given point, in light of all the facts in a given case, will be left in the first instance to the sound discretion of the trial court.")(citation omitted); Powell v. Comm'r, 791 F.2d 385, 391-92 (5th Cir. 1986)("If the IRS takes an arbitrary position and forces the taxpayer to file a suit, then, after the papers have been filed, becomes sweet reason, the taxpayer should be permitted to recover the cost of . . . a civil proceeding they never should have had to initiate."  The inquiry is not focused on the IRS's position throughout the administrative proceedings, but on its position at the time suit is filed.); Ashburn v. United States, 740 F.2d 843, 850 (11th Cir. 1984), superceded on other grounds as recognized by, United States v. Certain Real Estate Prop. Located at 4880 S.E. Dixie Highway, 838 F.2d 1558, 1560 n.5 (11th Cir. 1998)(In determining whether the government's litigation position is substantially justified for purposes of an EAJA fee award, although the government is entitled to time reasonably necessary to receive and review relevant files before conceding liability, whether the issues involved are routine or clear-cut is a relevant consideration.); Smith v. United States, No. 3:09cv228 (JBA), 2011 WL 841053, at *4 n.1 (D.Conn Mar. 7, 2011)(unpublished)(The conduct of the United States prior to litigation is relevant to determining whether its litigation position was substantially justified, that is, whether its litigation position was reasonably based in fact or law.)
        Nevertheless, the Court emphasizes that the conclusion the Magistrate Judge reaches in his Report is that Defendant's litigation position was not substantially justified for several reasons, including 1) that the issues were not complex or were clear-cut; 2) that Defendant had agreed it was liable for the tax refunds it ultimately paid long before Plaintiff filed suit; 3) that after seeking additional time to review relevant records, Defendant initially filed an Answer denying liability or claiming to have insufficient information to admit or deny liability; and 4) that based upon all the relevant circumstances Plaintiff never should have had to file suit in the first place.  See Report at 17-22.   Cf. Ewing & Thomas, P.A. v. Heye, 803 F.2d 613, 615 (11th Cir. 1986)(In awarding attorneys' fees and costs pursuant to § 7430, the relevant position of the government is its in-court litigating position, and the statute should not be interpreted to allow "fees in cases in which the IRS has taken an unreasonable stance in administrative proceedings yet acted reasonably before the district court.).

although it was early in the case, Defendant conceded liability in its Amended Answer only <u>after</u> having sought an extension of time in order to review relevant files before filing its original Answer denying liability and/or claiming insufficient knowledge or information to admit or deny liability. <u>See</u> Dkt. No. 6, Unopposed Motion by United States for Extension of Time to Respond to Complaint at 2. <u>Cf.</u> Answer and Amended Answer. Moreover, Plaintiff's Complaint does not present a new theory of recovery that he had not advanced prior to filing suit, and Defendant already had agreed that Plaintiff was entitled to relief long before the suit was filed. <u>See</u> Report at 21. For the reasons set forth in the Report, the Court finds that this action is one that Plaintiff never should have been required to initiate, and therefore he is entitled to recover attorneys' fees and costs associated with litigating in this Court, including those associated with the filing of the Motion. As a result, the Court will overrule Defendant's Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

### III.     Plaintiff's Objection

In determining that Plaintiff was not entitled to recover fees and costs for work related to IRS administrative and pre-litigation matters, the Magistrate Judge considered Defendant's acceptance of the Offer-in-Compromise as its final decision. <u>See</u> Report at 13. Plaintiff contends that the Report erroneously concludes that he is not entitled to fees and costs incurred during the IRS administrative and pre-litigation proceedings because the parties stipulated that Defendant was liable as to Plaintiff's

Claim for Refund set forth in Count I of the Complaint, based upon Defendant's failure to abide by terms of the agreed Offer-in-Compromise. See Stipulation; Complaint at ¶¶ 5-18; and Response/Objection at 5-6. Plaintiff maintains that as a result, the Offer-in-Compromise was nullified by Defendant's failure to issue the agreed-upon tax refunds, so there was no final decision, and therefore, Plaintiff cannot be held to the requirement set forth in 26 U.S.C. 7430(b)(4) that he file an application with the IRS for administrative costs and fees before the 91st day after the final decision. See Response/Objection at 6.

Plaintiff did not address this issue in his Motion. As such, the Magistrate judge did not have the opportunity to consider it. A "district court has broad discretion in reviewing a magistrate judge's report and recommendation" and "has the discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. NcNeil, 557 F.3d 1287, 1291-92 (11th Cir.), cert. denied, 556 U.S. 1269 (2009). Moreover, Plaintiff cites no authority in support of his position. Given Plaintiff's failure to present the issue in his Motion, and the absence of applicable or binding authority in support of his position, the Court will overrule Plaintiff's objection, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

**IV.   Conclusion**

For the reasons set forth herein, the Court will overrule the parties' objections to the Report, and grant in part and deny in part Plaintiff's Motion in accordance with the factual and legal conclusions contained in the Magistrate Judge's Report.

Accordingly, it is hereby

**ORDERED:**

1. United States of America's Objections to Report and Recommendation (Dkt. No. 22) are **OVERRULED**.

2. Plaintiff's objection contained in his Response/Objection (Dkt. No. 23) is **OVERRULED**.

3. The Magistrate Judge's Report and Recommendation (Dkt. No. 21) is **ADOPTED** as the opinion of the Court.

4. The Clerk of Court is directed to enter judgment pursuant to 26 U.S.C. § 7430(a)(2) in favor of Plaintiff Teddy C. Dodson and against Defendant United States of America in the amount of $7,023.11, representing $6,396.00 in attorneys' fees and $627.11 in costs.

**DONE AND ORDERED** in Jacksonville, Florida, February 4, 2014.

MARCIA MORALES HOWARD
United States District Judge

jae
Copies to:
The Honorable James R. Klindt
United States Magistrate Judge
Counsel of Record